IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02648-GPG

DEMETRIO A. VALERGA,

      Applicant,

v.

RICK RAEMISH,

      Respondent.

## ORDER TO FILE PRELIMINARY RESPONSE

Applicant Demetrio A. Valerga currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Applicant has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 seeking a discharge of his parole, because he is subject to a final order of removal by the Board of Immigration Appeals. Applicant further asserts that he was released from immigration custody on July 11, 2014, because the Immigration Customs Enforcement Agency was unable to secure travel papers from Argentina within ninety days. Applicant further asserts that he now is being held because he has been charged with two class five felonies, but claims this hold is illegal and his parole should be "discharged" pursuant to Colo. Rev. Stat. 17-22.5-404.7. Application, ECF No. 1, at 9. Applicant has paid the $5 filing fee.

As part of the preliminary consideration of the Application in this case, the Court has determined that a limited Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies that apply to § 2241 actions. If Respondent does not intend to raise either of these affirmative defenses, Respondent must notify the Court of

that decision in the Response.   Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.   Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely habeas action in this Court. Accordingly, it is

ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.   It is

FURTHER ORDERED that **within twenty-one days of the filing of the Response** Applicant may file a Reply, if he desires.   It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondent must notify the Court of that decision in the Response.

Dated:   December 8, 2015

                              BY THE COURT:

                                s/Gordon P. Gallagher
                              United States Magistrate Judge