IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02648-GPG

DEMETRIO A. VALERGA,

     Applicant

v.

RICK RAEMISCH,

     Respondent.

---

ORDER OF DISMISSAL

---

Applicant Demetrio A. Valerga is in the custody of the Colorado Department of
Corrections (DOC) and currently is detained at the Jefferson County Detention Facility in
Golden, Colorado.   Applicant, acting *pro se*, initiated this action by filing an Application
for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.   Applicant has
paid the $5 filing fee.

On December 8, 2015, Magistrate Judge Gallagher directed Respondent to file a
Preliminary Response to the Application that addresses the affirmative defenses of
timeliness and exhaustion of state court remedies.

On December 29, 2015, Respondent filed a Preliminary Response, ECF No. 6.
Applicant subsequently filed two pleadings, one titled, "Argument," ECF No. 10, and the
other a Motion to Grant Writ of Habeas Corpus, ECF No. 11.   The Court will construe the
pleadings together as a Reply to the Preliminary Response.

1

The Court must construe the Application and Reply liberally because Applicant is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as a *pro se* litigant's advocate.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the action will be dismissed.

Applicant asserts that that he was released from immigration custody on July 11, 2014, because the Immigration Customs Enforcement Agency was unable to secure travel papers from Argentina within ninety days.   Applicant further asserts that he now is being held because he has been charged with two class five felonies, but claims this hold is illegal and his parole should be "discharged" pursuant to Colo. Rev. Stat. 17-22.5-404.7.   ECF No. 1, at 9.

Respondent argues that the Application should be denied because Applicant has failed to exhaust state court remedies.   Respondent contends that Applicant should have presented his claims to the Colorado state courts in a petition for a writ of habeas corpus prior to pursuing them in this Court, *see Colo. Dep't of Corrs., Parole Division, v. Madison* 85 P.3d 542, 543 (2004) or in a mandamus action, *Vernier v. Colo. Dep't of Corrs*, 77 P.3d 875, 877-78 (Colo. App. 2003); Colo. R. Civ. P. 106(a)(2).   ECF No. 6 at 3-4. Respondent further contends that counsel has reviewed the Colorado State Court Data Access database, which is the Colorado state court's official database containing records of all cases filed in Colorado state courts; but he found no record of any civil habeas corpus petitions submitted by Applicant, nor any record of a civil mandamus by Applicant. ECF No. 6 at 4; ECF No. 7.   Respondent concludes that dismissal is proper for failure to exhaust state court remedies.

In the Argument, construed as part of Applicant's Reply, he concedes that he has

not exhausted his state court remedies, but he asserts that he filed a state habeas action

in the Jefferson County District Court on December 23, 2015.   ECF No. 10 at 2.

Applicant states that he believes the Jefferson County District Court will rule in his favor,

but if not he asks that this Court not deny him when he reapplies in the future.   *Id.*

Applicant further states that if this Court denies this action "so be it."   *Id.* at 3.   Applicant

also asks that the Court provide Respondent with a copy of ECF No. 10.   The Court finds

Applicant's request for a copy to be sent to Respondent is unnecessary.

In addition, in the Motion to Grant Writ of Habeas Corpus, filed on January 27,

2016, Applicant argues that because he filed his state habeas action over thirty days

prior, and the state court has not responded, he now asks this Court to "step-in" if the

state court does not respond within a week.   ECF No. 11 at 1-2.

A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to

exhaust state remedies.   *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).   Like other habeas applicants, a §

2241 applicant fulfills the requirement to exhaust state remedies once the issue has been

"fairly presented to the state courts."   *Picard v. Connor*, 404 U.S. 270, 275 (1971);

*Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).   This requirement "is satisfied if

the federal issue has been properly presented to the highest state court."   *Dever v. Kan.*

*State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   "The exhaustion requirement is

not one to be overlooked lightly."   *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.

1995).   A state prisoner bringing a federal habeas corpus action bears the burden of

showing that he has exhausted all available state remedies.   *See Miranda v. Cooper*,

967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.   *Picard*,

404 U.S. at 278; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).

Although fair presentation does not require a habeas corpus applicant to cite "book and

verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks

omitted), "[i]t is not enough that all the facts necessary to support the federal claim were

before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).   A claim

must be presented as a federal constitutional claim in the state court proceedings in order

to be exhausted.   *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"A state prisoner is generally barred from obtaining federal habeas relief unless the

prisoner has properly presented his . . . claims through one 'complete round of the State's

established appellate review process.' "   *Woodford v. Ngo*, 548 U.S. 81, 92 (2006)

(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

First, Applicant filed this action on December 7, 2015, and concedes that he did not

file a state habeas action until December 23, 2015, which remains pending.   Second,

federal courts do not possess supervisory authority over state judicial proceedings and

may only intervene to correct violations of federal law.   *Chandler v. Florida*, 449 U.S.

560, 582-583 (1981); *Cupp v. Naughten*, 414 U.S. 141, 146 (1973).   Also, "Congress has

emphatically directed . . . that habeas petitioners seeking relief in federal court must first

exhaust all available state court remedies-that is, unless doing so would be futile because

of 'an absence of available State corrective process' or because 'circumstances exist that

4

render such process ineffective to protect the rights of the applicant." *Magar v. Parker*,

490 F.3d 816, 818 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(b)(1) (B)(i) and (ii); *Wilson*

*v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief

under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent

showing of futility).   Third, the fact that Applicant allegedly filed a state habeas action on

December 23, 2015, and as of January 25, 2016, had not received a response by the

state court, without more, does not state an inordinate or inexcusable delay in pursuing

his state court remedies or that there is no adequate or effective state remedy available to

protect his rights.

The Court, therefore, will dismiss this action because Applicant has failed to

demonstrate that he has exhausted all available state court remedies or that there is a

basis for finding exhaustion should be waived.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for

the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If

Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a

motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that Respondent's Motion for Leave to File Exhibits as Level 2

Restricted Documents, ECF No. 9, is granted.   It is

FURTHER ORDERED that ECF Nos. 10 and 11 are construed as a Reply to the

Preliminary Response; ECF No. 11, therefore, is terminated as a Motion.   It is

FURTHER ORDERED that the Application is denied and the action dismissed without prejudice for failure to exhaust state court remedies before pursuing a federal habeas corpus action.   It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.   *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   7th   day of   March   , 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court